1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

KEITH JACKSON,                                      No. C 08-4770 SI (pr)

        Plaintiff,                              **ORDER OF SERVICE**

    v.

BEN CURRY, warden; et al.,

        Defendants.
_____/

## INTRODUCTION

Keith Jackson, an inmate at the Correctional Training Facility in Soledad, filed a pro se civil rights action under 42 U.S.C. § 1983.   His complaint is now before the court for review under 28 U.S.C. § 1915A.

## BACKGROUND

Jackson alleges the following in his complaint: He went to Natividad Medical Center for surgery on his varicose veins.  He was discharged on February 27, 2007 from Natividad and returned to CTF-Soledad.  Prison staff did not comply with hospital rules and policies that patients were to depart the hospital in wheelchairs.  Instead, correctional officers M. Walker (badge # 56515) and R. Botello (badge # 64751) made him walk to the prison van.  Once at the prison van, correctional officer Walker failed to put a seatbelt on Jackson. Jackson alleges that, due to reckless driving on the way back to the prison by correctional officer Botello, he "was thrown from the rear bench in the van which added more pain and damage to the surgery he had just experienced."   Complaint, p. 7.  He also contends that due to being thrown in the transportation vehicle, he suffered an infection at the vein stripping site.  Id. At 8.

United States District Court
For the Northern District of California

1   Warden Ben Curry is the warden of CTF-Soledad.  The "institution" denied Jackson's

2   inmate grievance about the seatbelt incident and failed to take responsibility for any injuries.

3   Curry also knows of the seatbelt issue, but hasn't corrected it.

4   Jackson also states that he was seen by Dr. Kallisher on February 27 at the prison, and

5   was issued a wooden cane for two weeks.  Dr. Kallisher allegedly told Jackson to deal with the

6   pain but did not treat the pain.  Id. At 8, 11.  In a declaration attached to the complaint, Jackson

7   stated that he was "heavily medicated" and was medicated on morphine when he left the

8   hospital.  One exhibit to the complaint states that Dr. Kallisher referred Jackson to the podiatry

9   clinic.  Another exhibit indicates that Jackson was taken back to the hospital for symptoms of

10  an infection in his leg several days after his return to the prison.

11

12                                    **DISCUSSION**

13  A federal court must engage in a preliminary screening of any case in which a prisoner

14  seeks redress from a governmental entity or officer or employee of a governmental entity.  See

15  28 U.S.C. § 1915A(a).  In its review the court must identify any cognizable claims, and dismiss

16  any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted,

17  or seek monetary relief from a defendant who is immune from such relief.  See id. at

18  1915A(b)(1),(2).  Pro se pleadings must be liberally construed.  See Balistreri v. Pacifica Police

19  Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

20  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements:  (1) that

21  a right secured by the Constitution or laws of the United States was violated and (2) that the

22  violation was committed by a person acting under the color of state law.  See West v. Atkins,

23  487 U.S. 42, 48 (1988).

24  The Eighth Amendment's proscription of cruel and unusual punishment requires that

25  prison officials not be deliberately indifferent to serious risks to inmate safety.  To state a claim

26  for deliberate indifference to a prisoner's safety, the prisoner needs to allege that prison officials

27  knew of an objectively serious risk of harm and acted with deliberate indifference to it.  See

28  Farmer v. Brennan, 511 U.S. 825, 833 (1994); Berg v. Kincheloe, 794 F.2d 457, 459 (9th Cir.

United States District Court
For the Northern District of California

1986).  Liberally construed, the allegations of the complaint state a cognizable claim against defendants Walker and Botello for deliberate indifference to Jackson's safety for not securing him in a seatbelt when they transported him in a van to the prison.  Although courts have reached conflicting results, and it is debatable whether an Eighth Amendment violation is stated for not using a seatbelt on a shackled prisoner during transport, the law is not clearly against plaintiff as to the existence of such a claim.  See, e.g.,  Ford v. Fletes, 211 F.3d 1273 (9th Cir. 2000) (unpublished table case) (prisoner may be able to allege facts showing deliberate indifference based on transporting him in handcuffs in a vehicle without doors, seat belts or restraints from which he fell); Brown v. Fortner, 518 F.3d 552 (8th Cir. 2008) (allowing deliberate indifference claim);  Spencer v. Knapheide Truck Equip. Co, 183 F.3d 902 (8th Cir. 1999) (no deliberate indifference).  Jackson has not, however, stated a claim against defendant Curry based on the seatbelts, as his liability appears to be based on his role as the person in charge of the prison.  There is no respondeat superior liability under Section 1983, i.e. no liability under the theory that one is responsible for the actions or omissions of an employee.  Liability under Section 1983 arises only upon a showing of personal participation by the defendant.  Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).  The denial of the inmate appeal after the incident did not make Curry liable for the seatbelt incident in which he had no personal involvement.

Jackson's allegations that correctional officers Botello and Walker failed to comply with hospital policy that departing patients were to leave the hospital by wheelchair does not state a claim upon which relief cannot be granted.  Leaving a hospital on foot simply does not rise to the level of an objectively serious risk to one's safety under the circumstances alleged in the complaint.

Deliberate indifference to serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment.  See Estelle v. Gamble, 429 U.S. 97, 104 (1976); McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Technologies, Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc); Jones v. Johnson, 781 F.2d 769, 771 (9th Cir. 1986).  A determination of "deliberate indifference" involves an examination of two elements: the seriousness of the prisoner's medical need and the

**United States District Court**
For the Northern District of California

1  nature of the defendant's response to that need.  See McGuckin, 974 F.2d at 1059.  Even with

2  liberal construction, the complaint does not state a claim for deliberate indifference to Jackson's

3  medical needs.  He alleges that he saw Dr. Kallisher, and alleges that Dr. Kallisher did provide

4  some treatment (i.e., authorized a cane for him) and his exhibits show that Dr. Kallisher referred

5  him to the podiatry clinic.  Jackson was dissatisfied that Dr. Kallisher did not adequately treat

6  his pain, but Jackson's own declaration states that he was already heavily medicated and on

7  morphine that day.  Dr. Kallisher did not act with deliberate indifference in not giving more pain

8  medicine to the already-medicated inmate.

9

10                                              **CONCLUSION**

11          For the foregoing reasons,

12          1.      The amended complaint states a claim for relief under 42 U.S.C. § 1983 against

13  defendants Walker and Botello for deliberate indifference to a risk to Jackson's safety in

14  violation of his Eighth Amendment right to be free from cruel and unusual punishment.  All

15  other defendants and claims are dismissed.

16          2.      The clerk shall issue a summons and the United States Marshal shall serve, without

17  prepayment of fees, the summons, a copy of the amended complaint and a copy of all the

18  documents in the case file upon M. Walker (badge # 56515) and R. Botello (badge # 64751).

19  Both of these individuals apparently are correctional officers at CTF-Soledad.

20          3.      In order to expedite the resolution of this case, the following briefing schedule for

21  dispositive motions is set:

22                  a.      No later than **June 12, 2009**, defendants must file and serve a motion for

23  summary judgment or other dispositive motion.  If defendants are of the opinion that this case

24  cannot be resolved by summary judgment, they must so inform the court prior to the date the

25  motion is due.

26                  b.      Plaintiff's opposition to the summary judgment or other dispositive motion

27  must be filed with the court and served upon defendants no later than **July 17, 2009**.  Plaintiff

28  must bear in mind the following notice and warning regarding summary judgment as he prepares

his opposition to any summary judgment motion:

> The defendants may make a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. [¶] Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact -- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial. (See Rand v. Rowland, 154 F.3d 952, 962-63 (9th Cir. 1998).

        c.      If defendants wish to file a reply brief, the reply brief must be filed and served no later than **August 7, 2009**.

        4.      All communications by plaintiff with the court must be served on a defendant's counsel by mailing a true copy of the document to defendant's counsel. The court may disregard any document which a party files but fails to send a copy of to his opponent. Until a defendant's counsel has been designated, plaintiff may mail a true copy of the document directly to defendant, but once a defendant is represented by counsel, all documents must be mailed to counsel rather than directly to that defendant.

        5.      Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16 is required before the parties may conduct discovery.

        6.      Plaintiff is responsible for prosecuting this case. Plaintiff must promptly keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). Plaintiff must file a notice of change of address in every pending case every time he is moved to a new facility.

1    7.    Plaintiff is cautioned that he must include the case name and case number for this

2  case on any document he submits to this court for consideration in this case.

3    IT IS SO ORDERED.

4  Dated: March 13, 2009

5                                   SUSAN ILLSTON
                                 United States District Judge

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28